■ MARK L. TAFF, Appellant, v COUNTY OF NEW YORK et al., Respondents. [665 NYS2d 265] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered July 22, 1996,

which granted defendants' motion and cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The letters from defendant Gregory Waples, then a New York County Assistant District Attorney, to representatives of the District Attorneys in the other four counties in New York City, contained information about plaintiff's credibility as an expert witness in previous criminal trials, and were entitled to a qualified privilege since it was likely that plaintiff would be called as an expert witness in future criminal trials within those counties, and the State has an interest in ensuring that neither the prosecution nor the defense of criminal suspects is jeopardized by the alleged lack of credibility of an expert witness. Waples's communication with a defense attorney, in response to that attorney's request, regarding plaintiff's credibility was entitled to the common interest qualified privilege (*see, Garson v Hendlin*, 141 AD2d 55, 60, *lv denied* 74 NY2d 603).

Plaintiff's conclusory assertions are insufficient to raise a triable issue of fact regarding either constitutional malice or common law malice, which would be necessary to defeat the qualified privilege (*see, Stukuls v State of New York*, 42 NY2d 272, 279).

We have reviewed plaintiff's remaining arguments and find them to be without merit. Concur—Wallach, J. P., Nardelli, Tom, Mazzarelli and Colabella, JJ.